<div align="center">

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

</div>

ADAM LEWIS, individually and
allegedly on behalf of others similarly
situated,

    Plaintiff,                                     Case No.

v.

BAREWEB, INC.,

    Defendant.

_____/

<div align="center">

**NOTICE OF REMOVAL OF STATE COURT ACTION**

</div>

The defendant, Bareweb, LLC (erroneously named Bareweb, Inc.) ("Bareweb" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal ("Notice of Removal") of State Court Action removing the state court action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-25-009810 ("State Court Action"), to the Fort Lauderdale Division of the United States District Court for the Southern District of Florida. Concurrent with this Notice of Removal, the Defendant is filing its (i) JS 44 Civil Cover Sheet, (ii) Federal Rule of Civil Procedure 7.1 Disclosure Statement, (iii) copies of the State Court Action Pleadings and Process Served on Defendant, attached hereto as **Composite Exhibit "A**,"**, and (iv) the Declaration In Support of the Defendant's Notice of Removal ("Declaration"), attached hereto as **Exhibit "B."** In support of this Removal Notice, the Defendant states as follows.

<div align="center">

**INTRODUCTION & JURISDICTION**

</div>

The State Court Action is a civil action of which this Court has original

<div align="center">1</div>

jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a) - (b).

i. **Removal Based on Diversity Under 28 U.S.C. § 1332(a)**

    a. **Jurisdiction Based on Diversity**

The plaintiff, Adam Lewis ("Plaintiff" or "Lewis") is an individual who is believed to reside in the State of Florida, Broward County, and who is believed to be a citizen of the State of Florida. Plaintiff initiated a civil action, individually, and allegedly on behalf of all others similarly situated, now pending in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, entitled *Adam Lewis v. Bareweb*, Case No. CACE-25-009810, on July 2, 2025. The Defendant was served with the State Court Action on July 8, 2025. A true and correct copy of the State Court Action Complaint (the "Complaint"), Summons, Notice of Service of Process, and Notice of Appearance is attached as hereto as **Composite Exhibit** "**A**".

The essence of Plaintiff's Complaint is that Defendant violated Fla. Stat. § 501.059(8)(b), of the Florida Telephone Solicitation Act ("FTSA") by sending a solicitation text message (or call) from a phone number that is not capable of receiving calls.

    b. **Citizenship of Plaintiff**

The Complaint alleges that Plaintiff "resides in Florida." [Complaint, ¶14]. The Complaint further alleges that "the cause of action accrued in Broward County, Florida. [*Id.*, ¶13]. As such, Defendant is informed and believes, and on that basis alleges, that, for purposes of diversity jurisdiction, Plaintiff was and is a resident and citizen of Florida both at the time he filed the State Court Action and the Complaint, and as of the

time of filing of this Notice of Removal.

### c. Citizenship of Defendant, BAREWEB

Plaintiff's Complaint alleges that Defendant Bareweb is a "foreign corporation." [Complaint, ¶ 15]. In fact, Defendant is now, and was when the State Court Action was commenced, a limited liability company organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of New Jersey. [Declaration, ¶4]. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also A Boat 4 Fun, Inc. v. Dream Catcher Marine LLC*, 2019 U.S. Dist. LEXIS 228696, at *4 (S.D. Fla. May 9, 2019).

In the instant action, as of the time of filing, the sole member of Bareweb, LLC is Delta Galil USA Inc. ("Delta Galil"), a Delaware corporation with its principal place of business in New York and New Jersey. [Declaration, ¶5]. Delta Galil's headquarters and its key officers and central management functions are now, and were when the State Court Action was commenced, in the States of New York and New Jersey and from there, its key officers direct, control and coordinate the activities of Defendant on a day-to-day basis. [*Id.* at ¶6].

For purposes of diversity jurisdiction, a corporation is a citizen in the state of its incorporation as well as the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Delta Galil, therefore, is a citizen of Delaware and New Jersey. [*Id.* at ¶7]. Accordingly, based on the citizenship of its sole member Delta Galil, the Defendant, at all times, including at the commencement of the State Court Action and the filing of

this Notice of Removal, is and was a citizen of Delaware and New Jersey, and is not and was not a citizen of Florida. Defendant is not, and has not been, directed, controlled or coordinated on a day-to-day basis from the State of Florida. Defendant does not maintain corporate headquarters in Florida, and none of its high-level officers is officed in Florida. [*Id.* at ¶8].

### d. Amount In Controversy

In the Complaint, Plaintiff alleges his belief "that the proposed class exceeds 100 members" and the aggregated damages exceed $50,000. [Complaint, ¶¶11, 26]. Plaintiff further seeks liquidated damages of $500 for each violation, pre-judgment interest, allowable costs, attorneys' fees, and incentive bonus to Plaintiff. [*Id.* at Prayer ¶¶ C, F, H, I]. Moreover, Plaintiff's Form 1.997 Civil Cover Sheet, section II titled "Amount of Claim," selects the Amount of Claim to be between $75,001.00 - $100,000.00. [Composite Exhibit A, pg. 1]. Plaintiff complains about "Text Message Sales Call**s**" (plural), but does not define how many it or others may have allegedly received. [Complaint, ¶¶16, 17, passim]. Further, the damages claims are unliquidated and unspecified.

"Determination of the value of the matter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards." *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 352 (1961). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). The question is not what amount the plaintiff is "likely to recover," but rather, what amount is at stake. *Id.*

In the Eleventh Circuit, when "a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)). Even when a plaintiff's complaint does not claim that damages exceed $75,000, the fact that the amount in controversy is reasonably likely to exceed $75,000 may be "facially apparent" from the plaintiff's allegations. *Id.* This scenario is referred to in the Circuit as a "first paragraph" Section 1446 removal. *Roe*, 613 F.3d at n.2 (referring to former 28 U.S.C. § 1446(b); now 28 U.S.C. § 1446(b)(1)).

In determining the amount in controversy for a "first paragraph" Section 1446 removal, "courts may use their judicial experience and common sense" in evaluating the value of the rights being litigated. *Roe*, 613 F.3d at 1062. It is appropriate for courts to make reasonable assumptions and inferences based on the allegations of the complaint. *Id.* The court is not required to "assume that the plaintiff is in the best position to evaluate the amount of damages sought … in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy." *Id.* at 1061.

"When a removing defendant makes specific factual allegations establishing" the amount in controversy, the court can make logical inferences based thereon. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The defendant need not "prove the amount in controversy beyond all doubt or [] banish all uncertainty about it." *Id.* It is sufficient to allege facts, in the notice of removal, establishing that the

amount in controversy exceeds the minimum threshold required.

When the complaint alleges that the plaintiff is entitled to recover attorney fees based upon a statute or contract, **the prospective attorney fees are included in the amount in controversy analysis**. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019); see also *Peterson v. The Travelers Indemnity Co.*, 867 F.3d 992, 995 (8th Cir. 2017); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933); *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723.

Plaintiff's Complaint avers only that the amount of damages claimed exceeds $50,000 – no precise amount is alleged. Furthermore, the Plaintiff does not identify the number of alleged infringing text messages or sales calls it received, only that it was in the plural, i.e. more than one. The pleading is therefore "indeterminate" as to the amount in controversy. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 748 (11th Cir. 2010) (concluding that complaint seeking "monetary damages in excess of $15,000" was "indeterminate" for purposes of the amount in controversy). Defendant therefore only needs to establish that it is more probable than not that the amount claimed exceeds the jurisdictional minimum of $75,000.

The allegations of Plaintiff's Complaint make plain that the amount in controversy exceeds $75,000.  Plaintiff alleges damages in excess of $50,000.  Plaintiff seeks $500 for each violation, Plaintiff alleges multiple violations (plural), and claims there are over 100 members in the class.  Thus, Plaintiff seeks liquidated damages that exceed $75,000.

Moreover, other amounts sought by Plaintiff, including for attorneys' fees must

6

be added to the damages claim to determine the total amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). FTSA expressly permits the award of attorneys' fees to a prevailing plaintiff, stating that "in any civil litigation resulting from a transaction involving a violation of [FTSA], the prevailing party, . . . if any, shall receive his or her reasonable attorney fees and costs from the non-prevailing party." *See* Fla. Stat. § 501.059(11)(a). Here, Plaintiff's Complaint expressly prays for an award of his attorneys' fees. [Complaint, prayer at ¶H]. The amount in controversy, therefore, includes amounts recoverable as attorneys' fees and it is virtually certain that the amount of attorneys' fees would exceed well over $25,000 through trial in this matter.

Defendant denies Plaintiff's claims that Plaintiff incurred any recoverable damages or that it is liable to Plaintiff in any amount. Nevertheless, it is apparent that the amount in controversy in this action, on its face, exceeds $75,000, exclusive of interest and costs. Therefore, the United States District Court has original jurisdiction of the above-captioned action pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b)(1) as to each of the claims set forth in the Complaint and each count thereof.

Defendant denies and disputes Plaintiff's claims and contends that it has no liability to Plaintiff in any sum or amount. Defendant reserves all rights and defenses.

## VENUE & OTHER CONSIDERATIONS

a. Venue

Venue properly lies in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1441(a). The State Court Action was filed in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida. The

United States District Court for the Southern District of Florida encompasses this territory. 28 U.S.C. § 89(c).

**b. Joinder/Consent Inapplicable; Single Defendant**

Defendant is the sole named defendant in the State Court Action. No joinder or consent to removal is required. 28 U.S.C. § 1446(b)(2)(A).

**c. Service of Complaint**

The Complaint was filed in the Circuit Court for the 7th Judicial Circuit in and for Broward County, Florida, on July 2, 2025. The Summons and Complaint were served on Defendant on July 8, 2025. [Declaration, ¶9].

**d. Timely Removal**

Accordingly, this Notice is filed within 30 days of the service of the Summons and Complaint on Defendant, and removal to this Court is timely pursuant to 28 U.S.C. § 1446(b)(1); *see also* [Declaration, ¶9].

**CONCLUSION & CERTIFICATION PURSUANT TO 28 U.S.C. § 1446**

Defendant hereby removes this action to this Court for the reasons described above. Defendant will give prompt notice of the removal of this action to this Court to all parties of record and to the clerk of the State Court Action, pursuant to 28 U.S.C. § 1446(d).

Dated: August 7, 2025

Respectfully submitted,

/s/ *William C. Matthews*

**William C. Matthews, Esq.**
Florida Bar No. 112079
william@dennisonmatthews.com
**Dennison & Matthews, PLLC**
7575 Dr. Phillips Blvd., Suite 170
Orlando, FL 32819
Tel: (407) 720-8074
Fax: (407) 720-8037
*Counsel for Defendant, Bareweb, LLC*

*(erroneously named as Bareweb, Inc.)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2025, I electronically filed the foregoing by using the CM/ECF system, which will serve notice and a copy on all counsel of record.

<div style="text-align:right">

*/s/ William C. Matthews*
Attorney

</div>